UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 1999A14869 |
| vs. | § § § | |
| Glynis L. Mills | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 15676 Tacoma Street, Detroit, Michigan 48205.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $855.51 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,255.10 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$3,110.61** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 9.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

CERTIFICATE OF INDEBTEDNESS

                                          Glynis L. Mills
                                          15430 Park Grove
                                          Detroit, MI 48205

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 03/30/99.

On or about 04/23/82, the borrower executed promissory note(s) to secure loan(s) of $1,200.00 from Metropolitan Savings Association, Farmington Hills, MI at 9.00 percent interest per annum. This loan obligation was guaranteed by Michigan Higher Education Assistance Authority and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $296.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 01/01/83, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $904.00 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/04/92 assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---:|
| Principal: | $855.51 |
| Interest: | $1,221.76 |
| Administrative/Collection Costs: | $0.00 |
| Late fees | $0.00 |
| Total debt as of 03/30/99: | $2,077.27 |

Interest accrues on the principal shown here at the rate of $0.21 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/16/99    Name: _[signature]_
                                     Title: LOAN ANALYST
                                     Branch: LITIGATION BRANCH

0 7 9 5 7 1 7 1 9

I hereby certify that this is a true copy of the Payout/Interim note on file at Empire of America FSA, formerly Metropolitan Savings Association.

*C. W. Beswick*      6-10-83

C. W. Beswick, Divisional Vice Pres.    date

PA-4614 5/81

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
GUARANTEED STUDENT LOAN    MSA # 4635A

**INTERIM NOTE**

Date: April 23, 1982

On 01-01- _____ 19 83 ___ or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to **Metropolitan Savings Association**

hereinafter called the Financial Institution, or order the principal sum of $ ***1,200.00***
together with interest thereon from the date of disbursement of this loan at the rate of **9.0** % per annum. The undersigned hereinafter called the Maker, shall pay such principal and interest at the office of the Financial Institution at **31550 Northwestern Highway, Farmington Hills, MI 48018**
or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of America.

**DISCLOSURE STATEMENT**

**Prepayment:** Maker may prepay all or part of the principal amount of the loan at any time without penalty. Interest shall cease to accrue on the amount of the prepayment as of the date of payment thereof.

**Rebate:** Because there is no precomputed unearned finance charge, there is no amount subject to rebate in the event of prepayment except if prepayment in full occurs because the loan proceeds are not used for educational purposes. The full amount of the prepaid finance charge shall be rebated if the loan is paid in full and the lender does not charge earned interest to either the borrower or to the federal government.

**Interest Accrual:** Interest accrual begins with disbursement of the loan proceeds. Interest will be paid to the Holder on behalf of the borrower by the Federal government if the borrower qualifies for interest subsidy payments under current Federal law and implementing regulations provided school officials have supplied adequate data covering school costs and financial assistance to meet those school costs at the time application was made for this loan.

| | |
|---|---|
| Loan No. 5550874 | |
| (a) Amount of Loan | $ 1200.00 |
| (b) Prepaid Finance Charge (Student Loan Insurance Premium) | $ 12.00 |
| (c) Amount Financed (a-b) | $ 1188.00 |
| (d) ANNUAL PERCENTAGE RATE | |
| (1) Prior to repayment | 1.46 % |
| (2) During Installment repayment | 9.00 % |

**ACKNOWLEDGEMENT**

The Maker hereby acknowledges having read and understood this Interim Note, including the above disclosure statement and the rights and responsibilities on the reverse side, and acknowledges receipt of an exact copy of this Note at the time of execution of the Note. Principal amount of the loan may be paid at the option of the Maker by executing and delivering an authorized installment Payout Note to the Financial Institution calling for the first payment no earlier than the maturity date of this note; for an interest rate which is payable by the Maker which does not exceed the interest rate of this note; and, at the option of the Financial Institution, requiring a creditworthy co-signer if a co-signer is required for this Note.

**Insurance Premium:** The Maker agrees to pay the Financial Institution, in addition to interest and principal due, an amount equal to the premium that the Financial Institution is required to pay to the Michigan Higher Education Assistance Authority in order to provide insurance coverage on this Note, and such Premium is due and payable immediately.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half time status or, (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after the date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate other than 7% shall be six months after the date of the occurrence of either event of acceleration.

**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a period of less than half time enrollment status at a participating school or non-attendance at any school or enrollment at a non-participating school does not exceed the maximum grace period, the maturity date of this Note may be extended. The new grace period for loans evidenced by a Note at a 7% rate of interest may not be less than nine months nor more than twelve months following the new completion of studies date. The new grace period for loans evidenced by a Note at a rate greater than 7% shall be six months following the new completion of studies date.

**Deferment:** Once the maturity date of this Note occurs, repayment is required to begin; however, repayment may be deferred, if prior to executing a Payout Note, the Maker enters into a deferrable condition as authorized by Federal Law. Conditions and requirements for deferment are enumerated on the reverse side of this Note and are considered as part of this Note.

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendant to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date and (2) send written notice to the Financial Institution and to the Michigan Higher Education Assistance Authority of any changes occurring in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in default.

The Maker and Co-Maker shall be jointly and severally liable and the term "Maker" whenever used herein shall apply to the Maker or any one or more of them. If the Maker shall default on this note by reason of death or total and permanent disability, the indebtedness shall be paid in full to the Financial Institution by the Michigan Higher Education Assistance Authority on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immediately due and payable without notice on demand and if the Holder shall incur any extra costs or expenses in connection with collections thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take judgment for all such sums.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960, for the payment of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Holder or Guarantor hereof in exercising any of its options, powers, or rights or partial or single exercise thereof, shall constitute a waiver of any of such powers, options, or rights.

The Maker acknowledges if Maker and Holder agree an installment payout note may be executed calling for repayment to begin earlier than the maturity date of this note and for payments which exceed the $360 yearly minimum or five year minimum term. In instances of such agreement the grace period may not be restored; however, the Maker may at any time refinance this note to the extent that the Maker may have a total note term of at least five years but no more than ten years for repayment.

| CO-MAKER SIGNATURE | MAKER SIGNATURE *Glynis L Mills* |
|---|---|
| TYPED NAME | TYPED NAME Glynis L. Mills |
| ADDRESS | ADDRESS 18865 Ilder |
| CITY ____ STATE ____ ZIP ____ | CITY Detroit, STATE Mich. ZIP 48018 |
| SOCIAL SECURITY NO. ☐☐☐-☐☐-☐☐☐☐ | SOCIAL SECURITY NO. |

**NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY**

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event the Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. In the event of default, the Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Authority.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

MILLS, GLYNIS, L
CLAIM NO 1993050031039 12-04-92

Authorized Official *Patrick Cummings*

FILE

